UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARRY PALMORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6667** |
| **SHERIFF MARLIN GUSMAN** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On February 24, 2014, the undersigned conducted an evidentiary hearing, pursuant to *Spears v. McCotter,* and its progeny.[1]

### I. Background

#### A. The Complaint

The plaintiff, Harry Palmore ("Palmore"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983, against Sheriff Marlin N. Gusman ("Gusman").[2] The clerk of this

---

[1]766 F.2d 179 (5th Cir.1985). The purpose of the Spears Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed.R.Civ.P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir.1991). *See also Miorana v. Gusman,* No. 13-0143, 2013 WL 2404117 (E.D. La. May 31, 2013).

[2]Rec. Doc. Nos. 1, 2, and 3.

Court filed Palmore's complaint on December 19, 2013, when pauper status was granted.[3]

Palmore alleges in his complaint that during his incarceration at Orleans Parish Prison ("O.P.P") he has been subjected to many "violations" including being exposed to raw sewage, leaks in and leeches in the bathroom.[4] He alleges that the bathroom area also contains human waste, mold and mildew. Palmore alleges that he has also been exposed to inmates with the HIV virus. Palmore's complaint also contains allegations that he has been denied recreational time, and that there has been reported hair and insects in the food served to the inmates. Lastly, he alleges that he has trouble breathing due to dust in the prison. As a result, he filed the instant action seeking monetary damages for mental anguish in the amount of ten thousand ($10,000) dollars per day, for pain and suffering in the amount of $10,000, per day, for deliberate indifference in the amount of $10,000, per day, and for alleged exposure to HIV in the amount of $10,000, per day.

### B. The *Spears* Hearing

On February 24, 2014, the undersigned conducted an evidentiary hearing, pursuant to *Spears v. McCotter*, and its progeny,[5] with the plaintiff and counsel for the defendant participating by conference telephone call.[6] During the Hearing Palmore provided further explanation and reiteration of his claims to the Court.

Palmore stated that he has been incarcerated in O.P.P. since June 22, 2013, in Tent 3 of the O.P.P. He alleges that the prison conditions are atrocious, and that he has filed grievances with the

---

[3]Rec. Doc. Nos. 2 and 3.  In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes, which here was on November 21, 2013. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

[4]Rec. Doc. No. 1, p. 4.

[5]766 F.2d 179 (5th Cir.1985). *See supra,* n. 1.

[6]Rec. Doc. No. 9.

prison officials, the first on or around August 2013, regarding these conditions, but that not much has been done even after his filing of these grievances.

Specifically, he alleges that there was raw sewage backing up from the drains in the showers. He also indicates that although he used to experience this at least three times per week, he no longer experiences this problem because the showers have since been fixed.

He also alleges that an inmate informed him that he was HIV positive, and that he believes that he should not be exposed to inmates with HIV. He believes, but is unaware of any jail policy or custom which confirmed that inmates with HIV were to be quarantined from the general population.

He also alleges that he is denied recreational / yard opportunities. He complains that he is forced to stay in the dome at all times, unless meeting with prison officials or his lawyer.

He alleges that the food he has been served has had small black bugs in it, and that he refused any other food from officials, because he did not trust them. He also stated that he wanted hot meals, and that it is his belief that inmates are entitled to receiving three hot meals per day.

As to his claims of trouble breathing, Palmore alleges that he has bronchitis, and that the dust in the dome is so bad that it irritates his health condition, and causes trouble breathing and occasional chest pains. Upon questioning from the Court, Palmore indicated that his symptoms have not been bad enough for him to seek out medical treatment.

Lastly, Palmore indicated that he sued Sheriff Gusman because he wants to be treated equally among inmates in other tents and / or domes. However, he also indicated that he does not really wish for recovery of monetary damages, but rather, that he wishes to be released from prison, and placed on house arrest.

## II. Standard of Review

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. Claims Against Sheriff Gusman

Palmore has named Sheriff Marlin Gusman ("Gusman") as the sole defendant in this matter. A supervisory official, like Gusman, cannot be held liable pursuant to § 1983 under any theory of

4

*respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Gusman may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Palmore does not allege that Gusman was present for, or personally involved in, his grievances and / or complaints about the prison conditions in O.P.P., or that he suffered any injury as a result of any directive by Gusman which could create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). Instead, he alleges that the prison conditions, some of which he concedes have been already resolved, are atrocious, and that he wishes to be released from prison and placed on house arrest. These allegations alone are an insufficient basis to state a claim under § 1983. Thus, Palmore's § 1983 claims against Gusman are frivolous and otherwise fail to state a claim for which relief can be granted under 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Palmore's § 1983 claims against Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a

claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 23rd day of June, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.